UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARRY HARRIS,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>WILLIAM GITTERE, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:22-cv-00053-MMD-CLB<br><br>SCREENING ORDER |

**I.　SUMMARY**

*Pro se* Plaintiff Barry Harris, who is incarcerated in the custody of the Nevada Department of Corrections, has submitted a first amended civil rights complaint ("FAC") under 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis* ("IFP Application"). (ECF Nos. 1, 9.) The Court now grants the IFP Application and screens Plaintiff's FAC under 28 U.S.C. § 1915A.

**II.　IFP APPLICATION**

Plaintiff's IFP Application is granted. (ECF No. 1.) Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee under 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**III.　SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is

immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

IV.   **SCREENING OF FAC**

In his FAC, Plaintiff sues multiple Defendants for events that took place while Plaintiff was incarcerated at High Desert State Prison and Ely State Prison. (ECF No. 9 at 1-2.) Plaintiff sues Defendants Warden William Gittere, Deputy Director Assistant B. Williams, and the State of Nevada.[1] (*Id.* at 2-3.) Plaintiff brings one claim and seeks monetary and injunctive relief. (*Id.* at 5, 7.)

Plaintiff alleges the following. On April 27, 2021, after prison officials found Plaintiff guilty of a prison violation, he appealed. (*Id.* at 5.) At the disciplinary hearing, prison

---

[1]The Court dismisses with prejudice all claims against Defendant State of Nevada, as amendment would be futile. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983).

3

officials sanctioned Plaintiff to 365 days[2] in segregation, transferred him to a different prison, and referred Plaintiff to the Attorney General's Office to face charges. (*Id.*) According to Plaintiff, this has imposed a greater hardship on him in relation to the ordinary incidents of prison life and the length of his sentence. (*Id.*) Although Gittere acknowledged errors in the disciplinary hearing, Gittere violated Plaintiff's rights by refusing to give Plaintiff the remedy he sought. (*Id.* at 6.) Williams also repeated Gittere's errors. (*Id.*) Plaintiff wants his sanctions and outside charges dismissed. (*Id.* at 7.) Plaintiff alleges violations of his Fourteenth Amendment due process rights. (*Id.* at 5.)

To the extent that Plaintiff is suing Gittere and Williams for due process violations related to the denial of his appeal, Plaintiff fails to state a claim. As the Court explained to Plaintiff in the original screening order (ECF No. 5 at 4-5), prisoners have no stand-alone due process rights related to the administrative grievance process. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that a state's unpublished policy statements establishing a grievance procedure do not create a constitutionally protected liberty interest); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest in the processing of appeals because there is no liberty interest entitling inmates to a specific grievance process). Again, the Court dismisses this claim with prejudice as amendment would be futile. (*Id.*)

The Court now addresses Plaintiff's procedural due process claim and his disciplinary hearing. To state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995). In *Sandin*, the Supreme Court held that a prisoner has a liberty interest when confinement "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. In *Sandin*, the Supreme Court focused on three factors in determining that the plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary

---

[2] In the FAC, Plaintiff states that he was sanctioned to "365 months," but then attaches an exhibit that states "365 days." (ECF No. 9 at 5, 15.) The Court interprets the allegations as "days" rather than "months."

4

segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected. *Id*. at 486-87.

When a protected liberty interest exists and a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

"When prison officials limit an inmate's efforts to defend himself, they must have a legitimate penological reason." *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992). An inmate's right to present witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." *Ponte v. Real*, 471 U.S. 491, 495 (1985). Prison officials "must make the decision whether to allow witnesses on a case-by-case basis, examining the potential hazards that may result from calling a particular person." *Serrano v. Francis*, 345 F.3d 1071, 1079 (9th Cir. 2003). Despite this, an inmate has no right to cross-examine or confront witnesses in prison disciplinary hearings. *See Wolff*, 418 U.S. at 567-68.

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).

The Court finds that Plaintiff fails to state a colorable due process claim based on the disciplinary hearing. Even if Plaintiff establishes a liberty interest, he does not allege that his disciplinary hearing failed to include any of the procedural requirements described in *Wolff*. *See* 418 U.S. at 563-70. Even though Plaintiff states that Gittere and Williams

5

acknowledged that "errors" occurred during the disciplinary hearing, Plaintiff does not identify the errors. (ECF No. 9 at 6.) Thus, Plaintiff fails to state a colorable procedural due process claim based on his disciplinary hearing.

The Court also finds that leave to amend is not warranted. In the original screening order, the Court granted Plaintiff leave to amend on this claim. (ECF No. 5 at 5-6.) However, upon amendment, Plaintiff still has not stated a colorable claim. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (leave to amend not required when plaintiff was previously allowed to amend but failed to correct identified deficiencies).

Although Plaintiff did not describe the errors of his disciplinary hearing in the FAC, he attaches several exhibits that purport to explain the errors. (ECF No. 9 at 6, 12-32.) The Court has reviewed the exhibits and notes that the errors Plaintiff references are unrelated to the procedural due process requirements described in *Wolff. See* 418 U.S. at 563-70. Instead, the alleged errors appear to deal with delays in the disciplinary hearing, typos in the disciplinary forms, and discontent with the hearing officer's decision not to review "all available evidence" after the evidence reviewed supported a guilty finding. (*Id*. at 13.) Even if Plaintiff had raised these errors explicitly in his FAC, they would not establish a claim for procedural due process violations. The Court dismisses the Fourteenth Amendment due process claim with prejudice as amendment would be futile.

## V.     CONCLUSION

It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is granted. Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is further ordered that, under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from

the account of Barry Harris, #95363 to the Clerk of Court, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court is directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court is directed to send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even though this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, under 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

It is further ordered that the operative complaint is the FAC (ECF No. 9). The Clerk of Court is directed to send Plaintiff a courtesy copy of the FAC.

It is further ordered that the FAC (ECF No. 9) is dismissed with prejudice, as amendment would be futile, and for failure to state a claim.

The Clerk of Court is directed to close the case and enter judgment accordingly.

It is further ordered that the Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

DATED THIS 26th Day of August 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE